**WALKER v. HARPER et al.**

No. 10472.

Circuit Court of Appeals, Fifth Circuit.

Feb. 5, 1943.

Rehearing Denied March 11, 1943.

John W. Turner, of Eastland, Tex., for appellant.

Z. J. Spruiell, of Tyler, Tex., C. J. Shaeffer, of Dallas, Tex., Gerald C. Mann, Atty. Gen. of Texas, and Cecil C. Rotsch, Asst. Atty Gen. of Texas, for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

By contract dated November 9, 1940, Hall Walker agreed to purchase and the Trustee agreed to sell a quantity of crude oil located in storage tanks and idle pipe lines in Texas, and belonging to the bankrupt, DeSoto Crude Oil Purchasing Corporation. At the time of the execution of the contract the Trustee did not have tenders for the oil, and it could not be moved. An effort was to be made to secure tenders, and as soon as they were secured by the Trustee, Walker was to pay 65¢ per barrel for oil on which both State and Federal tenders had been obtained, and 40¢ per barrel on oil covered only by State tenders. Payment for the oil was to be made at Shreveport, Louisiana. Walker further agreed to begin promptly, at his own expense, to recover and place in storage the oil in the pipe lines, estimated to be in excess of 7,000 barrels. The contract was approved by the Referee on November 14, 1940.

By the latter part of March, 1941, Walker had removed approximately 5,000 barrels of oil from the pipe lines and stored it in steel tanks. Negotiations for tenders were not as successful as had first been antici-

pated, and months passed with the oil in storage. Tenders for a portion of the oil were secured, but efforts to get Walker to come to Shreveport and complete the transaction were not successful. Time was passing, the oil was deteriorating in value, the storage tanks had to be released to purchasers, and the Trustee with advice of counsel entered into negotiations with a third party, W. R. Skeen, and on September 17, 1941, with approval of the Referee sold to Skeen at $1.10 per barrel 3,669 barrels of oil on which State tenders had been obtained. Thereafter on October 25, 1941, Walker filed his claim with the Referee and sought to recover the sum of $2,568.30, this amount being the difference between what he would have paid for the 3,669 barrels of oil at 40¢ per barrel and the amount received by the Trustee at $1.10 per barrel. In the alternative he sought to recover $1,511.42 which had been spent by him in reclaiming the oil from the pipe lines, and storing and protecting it. He made an additional claim for $400.00 alleged to have been expended in efforts to secure tenders. After a hearing the Referee found that title to the oil did not pass to Walker by virtue of the contract; that by his delay he had abandoned and breached the contract; and that the Trustee was fully authorized to act for the protection of the estate and the creditors and to secure another purchaser. The claim for recovery of $2,568.30 out of the proceeds from the sale was denied. On the alternative claim the Referee allowed Walker recovery of $450.00 out of the proceeds of the sale as the reasonable value of his services to the bankrupt estate in removing the oil from the pipe lines and storing it in the tanks. On review, the findings, opinion, and order of the Referee were in all things affirmed by the Court, and Walker has appealed.

 The terms of the contract make it clear that title to the oil did not pass to Walker at the time of its execution. The sale was made on condition that tenders were to be obtained, and until such tenders were secured by or for the Trustee, he could not deliver and Walker could not be made to pay for any amount of oil belonging to the estate of the bankrupt. The tenders had to be secured before title could pass. Cf. Hartley v. Lapidus & Holub Co., 8 Cir., 216 F. 92; 55 C.J., Sales, §§ 536, 544. Title to the oil remained in the Trustee, and the contention that Walker was entitled to the proceeds of the sale, less his contract price of 40¢ per barrel, is without merit. The record sustains the order of the Referee as to this claim.

As to the alternative claim for services, however, we think the award too low. It is without dispute that Walker promptly and efficiently went about the reclaiming of more than 5,000 barrels of oil from the 56 miles of pipe lines in the gathering system of the bankrupt. At his own expense he had the oil pumped out of the lines and placed in steel storage tanks. He employed a man who watched the tanks and recovered oil and pumped it back into storage when leaks occurred. It cannot be doubted that this reclaiming of the oil, and the storing and protecting of it were of benefit to the estate and necessary for the preservation and protection of this property. The full amount of money actually expended by Walker in this service, $1,511.-42, should have been allowed him out of the proceeds from the sale. The expenses in the sum of $400.00 claimed to have been expended in efforts to secure tenders did not result in benefit to the estate and the claim for its recovery was properly disallowed.

The judgment will be modified and instead of the allowance of $450.00 for services to the estate, Walker will be allowed recovery of $1,511.42; this amount to be paid to him out of the proceeds from the sale of the oil. Costs of the appeal are to be paid by appellees.

As modified, the judgment is affirmed.